IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERENCE ALEX STEWART, 09068181, | ) | |
|           Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-2404-L |
| | ) | |
| LUPE VALDEZ, ET AL., | ) | |
|           Defendants. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**FINDINGS AND CONCLUSIONS**

**I. Parties**

Plaintiff filed this complaint pursuant to 42 U.S.C. § 1983. At the time he filed this complaint, he was confined in the Dallas County Jail. Defendants are Dallas County Sheriff Lupe Valdez and Dallas County Jail law library officers Allen and Bell. Plaintiff is proceeding *pro se*, and the Court has granted him permission to proceed *in forma pauperis*.

**II. Background**

Plaintiff states Defendants violated his civil rights by providing an inadequate law library at the Dallas County Jail. He claims the law library is inadequate because the legal books and materials are out-of-date. He states the materials are from 2004 to 2005, and that the Texas Family Code is a 1995 edition. He alleges he needed updated books to research his criminal case

**Findings and Conclusions of the**
**United States Magistrate Judge**          Page -1-

and two civil cases.

Plaintiff seeks an order for Defendants to update the law library materials and he also seeks forty-five thousand dollars in damages.

### III. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

**IV. Discussion**

Prisoners have a First Amendment right of meaningful access to the courts through adequate law libraries or assistance from legally trained personnel. *Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Dickinson v. TX, Fort Bend County*, 325 Fed. Appx. 389, 2009 WL 1407935 at *1 (5th Cir. 2009). However, "[w]hile the precise contours of a prisoner's right of access to the courts remain somewhat obscure, the Supreme Court has not extended this right to encompass more than the ability of an inmate to prepare and transmit a necessary legal document to a court." *Brewer v.* Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993).

To state a claim that his constitutional right of access to the courts was violated, a plaintiff must show he was actually prejudiced. *Lewis v. Casey*, 518 U.S. 342, 349-51 (1996). The plaintiff must identify a nonfrivolous, arguable underlying claim that he has been unable to pursue. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis v. Casey*, 518 U.S. at 353).

In this case, Plaintiff claims he was prejudiced in his ability to challenge criminal theft charges against him. Plaintiff, however, has failed to show he did not have counsel representing him in his criminal case. *See Dickinson*, 2009 WL 1407935 at *1 (stating that because plaintiff had court-appointed counsel representing him in his criminal case, he did not have a constitutional right to access a law library to prepare his criminal defense).

Plaintiff also alleges the lack of updated legal materials prejudiced his ability to pursue civil rights claims in *Stewart v. Carmona*, 3:09-CV-731-O (N.D. Tex.) and *Stewart v. Carmona*, 3:09-CV-975-M (N.D. Tex.). Cause number 3:09-CV-731-O has been served on defendants and is currently pending. Plaintiff is also no longer confined in the Dallas County Jail. He has

shown no prejudice in his ability to pursue this case. In cause number 3:09-CV-975-M, the undersigned magistrate judge has recommended that the complaint be dismissed as frivolous. Plaintiff has failed to show that the lack of updated legal materials in the Dallas County Jail law library violated his right to access the courts. His complaint should be dismissed.

## **RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed with prejudice as frivolous.

Signed this 18th day of May, 2010.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).